

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CHRISTOPHER JON RANSONE,**

Petitioner,

v.  Civil Action No. **3:15CV557**

**SHERIFF KEN STOLLE,**

Respondent.

### MEMORANDUM OPINION

Christopher Jon Ransone, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 (hereinafter, "§ 2254 Petition," ECF No. 3) challenging his conviction in the Circuit Court of the City of Virginia Beach (hereinafter, "Circuit Court") for possession of a firearm by a convicted felon. For the reasons set forth below, the § 2254 Petition will be DENIED.

### I. Pertinent Procedural History

On March 23, 2010, Ransone was found guilty in the Circuit Court of Possession of a Firearm by a Convicted Felon. *Commonwealth v. Ransone*, No. CR10-0053, at 1 (Va. Cir. Ct. Aug. 12, 2010). The Circuit Court sentenced Ransone to five years of imprisonment with two years suspended. *Id.* at 2.

By order entered on October 14, 2015, the Circuit Court found that Ransone had violated the terms of his suspended sentence and ordered him to serve six months of imprisonment. (Mem. Supp. Mot. Dismiss ¶ 5, ECF No. 12; § 2254 Pet. 1.)

On November 4, 2015, Ransone filed with this Court his § 2254 Petition on the standardized forms. In his § 2254 Petition, Ransone demands relief upon the following grounds:

| | |
|---|---|
| Claim One | "The Thirteenth Amendment Citizenship. I am a Moorish American, one of nationality, under the common law, the law of the land." (§ 2254 Pet. 6.)[1] |
| Claim Two | "Fourteenth Amendment, due process. Violation of due process of law - trial held in admiralty, not common law jurisdiction. No delegated authority." (*Id.* at 8.) |
| Claim Three | "Fourth Amendment - unlawful seizure, search of my body. I was kidnapped for accusations of a corporate citizen without a proper warrant." (*Id.* at 9.) |
| Claim Four | "USC TITLE 18 - Part 1 >Chapter 13 > § 241 and § 242. Conspiracy against rights and deprivation of rights under color of law." (*Id.* at 11.) |

Respondent moved to dismiss on the grounds that, *inter alia*, Ransone's claims were unexhausted and/or defaulted. Nevertheless, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Additionally, "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). Given the utter lack of substance of Ransone's claims, the Court will simply reject them on the merits. *See Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970) (citations omitted) ("If the petition be frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without even the necessity of requiring a responsive pleading from the government.").

---

[1] The Court corrects the capitalization and punctuation in the quotations from Ransone's § 2254 Petition.

## II. Analysis

In order to obtain federal habeas relief, at a minimum, Ransone must demonstrate that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As discussed below, for the majority of Ransone's claims, it is difficult to discern how the Constitution is implicated, much less violated, by the facts he recites. *See Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding denial of habeas action appropriate where it "stated only bald legal conclusions with no supporting factual allegations").

For example, with respect to Claim One, Ransone states, "The Thirteenth Amendment Citizenship. I am a Moorish American, one of nationality, under the common law, the law of the land." (§ 2254 Pet. 6.) The Thirteenth Amendment provides in pertinent part: "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII, § 1. Ransone provides no facts that indicate that he was enslaved. Moreover, as this Court previously stated, an individual's "purported status as a Moorish–American citizen does not enable him to violate . . . state laws without consequence. Thus, the argument that a person is entitled to ignore the laws of the [Commonwealth of Virginia] by claiming membership in the Moorish–American nation is without merit . . . ." *Metaphyzic El-Ectromagnetic Supreme-El v. Dir., Dep't of Corr.*, No. 3:14CV52, 2015 WL 1138246, at *5 (E.D. Va. Mar. 3, 2015) (alteration in original) (internal quotation marks omitted) (citation omitted). Accordingly, Claim One will be DISMISSED.

In Claim Two, Ransone states: "Fourteenth Amendment, due process. Violation of due process of law - trial held in admiralty, not common law jurisdiction. No delegated authority." (*Id.* at 8.) No extended analysis is required here, as Claim Two makes no sense. *See Fullard v.*

*Maryland*, No. PWG-14-3405, 2015 WL 1517393, at *2 (D. Md. Mar. 31, 2015) (dismissing as frivolous a Moorish American's jurisdictional claims because "whether couched in 'flesh and blood' language, admiralty law, and/or the Uniform Commercial Code, [his claims] do not raise claims involving violation of the Constitution or laws or treaties of the United States"). Accordingly, Claim Two will be DISMISSED.

In Claim Three, Ransone alleges, "Fourth Amendment - unlawful seizure, search of my body. I was kidnapped for accusations of a corporate citizen without a proper warrant." (§ 2254 Pet. 9.) This claim is subject to dismissal because it states "only bald legal conclusions with no supporting factual allegations." *Sanders*, 373 U.S. at 19. Moreover, Ransone cannot litigate his inchoate Fourth Amendment claim by federal habeas.

The United States Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976) (footnote omitted). "The rationale for the [Supreme Court's ruling in *Stone*] was that, in the context of a federal habeas corpus challenge to a state court conviction, 'the contribution of the exclusionary rule, if any, to the effectuation of the Fourth Amendment is minimal and the substantial societal costs of the application of the rule persist with special force.'" *United States v. Scarborough*, 777 F.2d 175, 182 (4th Cir. 1985) (quoting *Stone*, 428 U.S. at 494-95).[2] Therefore, in a habeas proceeding, when a federal district court is faced with Fourth Amendment claims, it should "first inquire as to whether or not the petitioner was afforded an opportunity to

---

[2] The exclusionary rule "deflects the truthfinding process and often frees the guilty," *Stone*, 428 U.S. at 490; therefore, it "has been restricted to those areas where its remedial objectives are thought most efficaciously served." *Id.* at 486-87 (quoting *United States v. Calandra*, 414 U.S. 338, 348 (1974)).

raise his Fourth Amendment claims under the then *existing state practice*." *Doleman v. Muncy*, 579 F.2d 1258, 1265 (4th Cir. 1978) (capitalization corrected) (emphasis added). Whether, the petitioner was afforded such an opportunity "may be determined . . . from the relevant state statutes, the applicable state court decisions, and from judicial notice of state practice by the district court." *Id.* (citation omitted). Here, it is well established that the Commonwealth of Virginia provides criminal defendants, such as Ransone, with "an opportunity to present [their] Fourth Amendment claims by a motion to suppress both at the trial court level and thereafter to assign as an error, an adverse ruling thereon, on appeal." *Id.* (citations omitted).

When, as here, the state has provided the petitioner with an opportunity to raise his Fourth Amendment claims at trial and on appeal, this Court need not inquire further "unless the [petitioner] alleges something to indicate that his opportunity for a full and fair litigation of his Fourth Amendment claim or claims was in some way impaired." *Id.* (citation omitted).

Because Virginia provided Ransone with an opportunity to raise his Fourth Amendment claims at trial and on appeal, this Court need not inquire further unless Ransone demonstrates "that his opportunity for a full and fair litigation of his Fourth Amendment claim or claims was in some way impaired." *Id.* The United States Court of Appeals for the Fourth Circuit has admonished that "the burden of pleading and proof is upon [the petitioner] to indicate in the petition . . . the reasons he has, and the facts in support thereof, as to why he contends he did not receive an opportunity for a full and fair litigation of his Fourth Amendment claims." *Id.* at 1266 (capitalization corrected). Ransone fails to indicate in his § 2254 Petition that his opportunity for a full and fair litigation of his Fourth Amendment claim was in some way

impaired. At best, Ransone alleges that his attorney failed to take advantage of the opportunity.[3] Accordingly, Claim Three will be DISMISSED.

In Claim Four, Ransone alleges, "USC TITLE 18 - Part 1>Chapter 13 > § 241 and § 242. Conspiracy against rights and deprivation of rights under color of law." (§ 2254 Pet. 11.) This claim is subject to dismissal because it states "only bald legal conclusions with no supporting factual allegations." *Sanders*, 373 U.S. at 19. Accordingly, Claim Four will be DISMISSED.

### III. Conclusion

Ransone's claims will be DISMISSED. The § 2254 Petition will be DENIED. The action will be DISMISSED. The Motion to Dismiss (ECF No. 11) will be DENIED AS MOOT. The Court will DENY a certificate of appealability.

An appropriate Final Order shall issue.

/s/ 
Roderick C. Young
United States Magistrate Judge

Date: June 1, 2016
Richmond, Virginia

---

[3] In response to the question on the standardized form that asked why Ransone had failed to exhaust his state court remedies for this claim, Ransone responded, "lawyer failed to do so." (§ 2254 Pet. 10.)